2019R01127/DAF/BAW/ml

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Noel L. Hillman, U.S.D.J. |
| v. | : | Crim. No. 20- (NLH) |
| DONAVON OLIPHANT, a/k/a "Donovan Oliphant," | : : | PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTY (FINAL AS TO THE DEFENDANT) |
| Defendant. | | |

WHEREAS, on or about Aug 21 and 28, 2020, Defendant DONAVON OLIPHANT, a/k/a "Donovan Oliphant" pleaded guilty pursuant to a plea agreement with the United States to an Information which charged the defendant with sexual exploitation of a child for the purpose of producing a visual depiction of such conduct, in violation of 18 U.S.C. § 2251(a) and (e) (Count One) and possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2) (Count Two);

WHEREAS, pursuant to 18 U.S.C. § 2253, a person convicted of an offense in violation of 18 U.S.C. § 2251(a) and (e) and 18 U.S.C. § 2252A shall forfeit to the United States (1) all digital media, including media recovered during the search of Defendant's residence and vehicle on October 15, 2019 on which law enforcement discovered visual depictions described in Sections 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Title 18 of the United States Code; (2) all visual depictions described in Sections 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Title 18 of the United States Code that were produced,

transported, shipped, or received in violation of chapter 109A of Title 18, United States Code; (3) all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offense charged in the Information; and (4) all property, real and personal, used or intended to be used to commit or to promote the commission of the offenses charged in Counts One and Two of the Information;

WHEREAS, by virtue of the above, the United States is now entitled to possession of the following property seized from the Defendant:

    a. One LG V30 cellular telephone with mobile equipment identifier (MEID): 089759744800083826 seized on October 15, 2019,

(the "Specific Property");

WHEREAS the Defendant acknowledges that the Specific Property was involved in offenses in violation of 18 U.S.C. § 2251(a) and (e) and 18 U.S.C. §§ 2252(a)(5)(B) and (b)(2), that it contains visual depictions of minors engaged in sexually explicit conduct, that it was used or intended to be used to commit or to promote the commission of the offenses, and that the Specific Property is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 2253; and

WHEREAS in the plea agreement the Defendant agreed to forfeit the Specific Property, waived all interests in and claims to the Specific Property, and consented to the forfeiture of the Specific Property to the United States; and

WHEREAS, pursuant to 21 U.S.C. § 853(n)(1) (as incorporated by 18 U.S.C. § 2253(b)) and Federal Rule of Criminal Procedure 32.2(b)(6), the

Government is now required to publish notice of the forfeiture and provide notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding;

WHEREAS, good and sufficient cause having been shown, it is hereby ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant to 18 U.S.C. § 2253, by virtue of the defendant's guilty plea to the Information, an offense in violation of 18 U.S.C. § 2251(a) and (e) and 18 U.S.C. §§ 2252(a)(5)(B) and (b)(2), and pursuant to the plea agreement and Rule 32.2(b)(2)(A) of the Federal Rules of Criminal Procedure, all of the defendant's right, title, and interest in the following Specific Property is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. § 853(n)(1) (as incorporated by 18 U.S.C. § 2253(b)):

> a. One LG V30 cellular telephone with mobile equipment identifier (MEID): 089759744800083826 seized on October 15, 2019,

(the "Specific Property").

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against defendant Donavon Oliphant, shall be made part of the sentence of defendant Donavon Oliphant, and shall be included in the judgment of conviction therewith.

3. The United States shall maintain custody of the Specific Property and hold such property in its secure custody and control pending entry of a final order of forfeiture.

4. Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Order for at least 30 consecutive days on the government internet site www.forfeiture.gov. The United States shall also send notice of this Order to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

5. The notice of forfeiture must describe the forfeited property with reasonable particularity, state the times by which a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. The notice shall also state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought. *See* Fed R. Crim. P. 32.2(b)(6); 21 U.S.C. § 853(n)(2), (3).

6. Any person, other than the defendant, claiming interest in the Specific Property must file a petition within 60 days from the first day of publication of notice on the government internet site, or no later than 35 days from the mailing of direct notice, whichever is earlier, pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rule G(4) and G(5) of

the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

7. Upon adjudication of all third-party interests, this Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n)(7) and Rule 32.2(c)(2), in which all interests will be addressed.

8. Following the entry of a Final Order of Forfeiture in the above-captioned case, the United States, in its sole discretion, may destroy the Specific Property named in the Final Order of Forfeiture.

9. This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

ORDERED this 28th day of August, 2020.

_____
HONORABLE NOEL L. HILLMAN
United States District Judge

The undersigned hereby consent to the entry and form of this Order:

CRAIG CARPENITO
United States Attorney

_____
By: DANIEL A. FRIEDMAN
Assistant United States Attorney

Dated: July 20, 2020

_____
MARTIN I. ISENBERG, ESQ.
Attorney for Defendant Donavon Oliphant,
a/k/a "Donovan Oliphant"

Dated: 8/18/2020

_____
DONAVON OLIPHANT, a/k/a "Donovan Oliphant"
Defendant

Dated: 8/18/2020